Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica McKnight, Esq. (SBN: 306562)
bonnie@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Fax: (800) 520-5523

*Attorneys for Plaintiff,*
*Nieysha White*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nieysha White, individually, and on behalf of others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>Ally Financial Inc.,<br><br>               Defendant. | **Case No:** '16CV1969 L    BLM<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET. SEQ.**<br><br><u>**CLASS ACTION**</u><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Nieysha White, (Plaintiff), through Plaintiff's attorneys, brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Ally Financial Inc. ("Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conduct by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

8. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in the City of San Diego, County of San Diego, State of California which is within this

|     |     |
| --- | --- |
| 1   | judicial district and the conduct complained of herein occurred within this |
| 2   | judicial district. |

11. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

12. Plaintiff is a natural person who resides in the City of San Diego, State of California.

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Defendant is located in the City of Detroit, in the State of Michigan.

15. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant collects on alleged defaulted debts.

16. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

## FACTUAL ALLEGATIONS

17. Sometime before November 2015, Defendant began calling Plaintiff regarding allegedly owed obligations.

18. Sometime before November 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently take no position as to the validity of this alleged debt.

19. On November 6, 2015, the Law Office of Daniel Shay faxed Defendant cease and desist letters that revoked any express consent for Plaintiff to be called, to be recorded, or to go to arbitration. The letters also informed Defendant that counsel represents Plaintiff with respect to any debts Defendant claims are owed.

20. These faxes were sent to two different fax numbers ending in 3264 and 4798, which are numbers belonging to Defendant.

21. On November 9, 2015, the Law Office of Daniel Shay mailed to Defendant's main corporate office the same cease and desist letter revoking any consent for Plaintiff to be called, recorded, or to go to arbitration. The letter also informed Defendant that counsel represents Plaintiff with respect to any debts Defendant claims are owed.

22. On or about November 11, 2015, Defendant called Plaintiff's cellular phone ending in 3423 from 888-803-3174. There was a long pause before the call connected to Plaintiff's cellular telephone.

23. Plaintiff was injured because her privacy rights were infringed upon in the form of harassment by Defendant.

24. These telephone calls Defendant made to Plaintiff's cellular telephone ending in 3423 on November 11, 2015 and November 18, 2015 were made via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

25. Plaintiff did not provide prior express consent to Defendant or its agent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. Further, Plaintiff revoked any express consent which may have been mistakenly believed, when her counsel informed Defendant to cease and desist from contacting Plaintiff.

27. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

28. On or about November 18, 2015, Defendant called Plaintiff again and left a voicemail on Plaintiff's cellular phone.

29. At the time of this second call, Defendant knew that Plaintiff obtained representation by an attorney with respect to such debt.
30. The ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.
31. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C.(b)(1).
32. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
33. This telephonic communication by Defendant violated 47 U.S.C. § 227 (b)(1).
34. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
35. She was personally affected because she was frustrated and distressed that Defendant harassed Plaintiff with a call using an ATDS.
36. Defendant's call forces Plaintiff and class members to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.
37. Defendant's calls to Plaintiff's cellular telephone number were unsolicited by Plaintiff and without Plaintiff's permission or consent.
38. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.
39. The calls from Defendant came from the phone number 888-803-3174.
//
//
//

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated (the "Class"). The proposed Class that Plaintiff seeks to represent are defined as follows:

41. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendants or their agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

42. Plaintiff represents, and is a member of, the Class, because Plaintiff received telephone calls from Defendant to Plaintiff's cellular telephone using a prerecorded voice, some or all of which Plaintiff was billed for receiving such calls.

43. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

- Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or

reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including, but not limited to, the following:

- Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.
- Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

48. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Telephone Consumer Protection Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

//

//

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II

### KNOWING AND/OR WILLFUL OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class and requested herein;
- That Plaintiff be appointed as representative of the Class;
- That Plaintiff's counsel be appointed as counsel for the Class;
- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) for each plaintiff and putative class member;
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- any and all other relief that this Court deems just and proper;

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 4, 2016             By: /s/ Joshua B. Swigart
                                     Joshua B. Swigart
                                     Attorneys for Plaintiff

Additional Attorneys for Plaintiff:

Daniel G. Shay, Esq. (SBN:250548)
danielshay@SanDiegoBankruptcyNow.com

**Law Office of Daniel G. Shay**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292